## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* F. GEORGE HEINZE, III

[Misc. (BV) No. 20, September Term, 1981.]

*Decided March 26, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Walter D. Murphy, Jr., Assistant Bar Counsel,* with whom was *Melvin Hirshman, Bar Counsel,* on the petition, for petitioner.

*F. George Heinze, III,* in proper person, respondent.

SMITH, J., delivered the opinion of the Court.

We shall here reprimand Respondent F. George Heinze, III, for his neglect.

Bar Counsel, acting pursuant to the provisions of Maryland Rule BV9, filed a petition with us on behalf of the Attorney Grievance Commission seeking disciplinary action against F. George Heinze, III, a member of the bar of this Court. The petition alleged that through a Pennsylvania attorney a corporation of that state referred to Heinze six substantial claims against Maryland residents for the purpose of collection. Pursuant to Rule BV9 b, we referred the matter for hearing to a judge of the Circuit Court for Charles County.

In his findings of fact and conclusions of law, Judge Rea said in pertinent part:

"Much of the record in the proceedings is basically admitted by the Respondent. To summarize the record, the Court makes the following finding of fact: The Respondent is a middle-aged member of the Bar, was admitted to the District of Columbia in 1959 and admitted to practice in the State of Maryland, who practices in Charles County and is in apparently good health. On February 3, 1978, one Patrick Reb, Esq., attorney in Lebanon, Pennsylvania, through mail correspondence ... requested the Respondent to pursue the collection of claims for the Lebanon Chemical Corporation against six alleged debtors here in the State of Maryland .... The Respondent, by correspondence, attempted to contact all of the alleged debtors in an effort to collect the debts. The attorney, Mr. Reb, attempted to contact the Respondent several times as to the status of the cases .... The Respondent, just prior to leaving for Europe, dictated a letter to his secretary, Rita L. Mattia, bearing the date of April 25, 1979 .... By this letter, the Respondent indicated suit had been filed on the various debtors. The Respondent, however, admits in the transcript of the record that at no time were any suits ever filed against these alleged debtors. He indicated that he took the suit papers with him to the airport with the intent to mail them to the proper court to be filed but that the present whereabouts of the suit papers is unknown. He further indicated that he failed to mail them while at the airport, took them to Europe with him, but that due to serious personal problems, he forgot the matter. These personal problems included the fact that he had a cablegram that his teen-aged son had had a gasoline fire with a farm tractor ....

"On February 28, 1980, Dennis Sober, representing the Lebanon Chemical Corporation, filed

complaint with the Maryland Attorney Grievance Commission. As a result thereof, on July 1, 1981, the Respondent gave to the Lebanon Chemical Corporation a promissory note in the amount of $18,000, and the Respondent never collected a fee from the alleged client. The Court is of the opinion that this is a good, valid, properly secured note, the Respondent's wife being a co-maker and the Respondent having considerable real property assets in Charles County, Maryland.

\* \* \*

"It is the conclusion of the Court that what the Attorney Patrick Reb sent to the Respondent originally is what is commonly referred to by members of the Bar as collection cases. The Court questions in its mind whether any or all of these claims were ever valid collectible items, but finds that this is not material to this case, because it is obvious that the client has been more than amply paid for the original indebtedness by representation of the promissory note. However, the Court finds that the Respondent did violate certain of the Disciplinary Rules. Disciplinary Rule 1-102 (5) was violated by the Respondent in that he did engage in conduct that is prejudicial to the administration of justice. . . . The Court does find that the Respondent violated Disciplinary Rule 6-101 — Failing to Act Competently and Disciplinary Rule 7-101 — Representing a Client Zealously. It is the Court's conclusion that both of these matters apply to his case and that suit papers should have been promptly filed in the cases. Clearly a representation that papers had been filed should never have been permitted to leave the Respondent's office. Further, he should have kept in contact with his client, even if he had found out that suit papers had not been filed, in an attempt to follow the matter through. The Court finds that the Respondent violated Disci-

plinary Rule 7-102 — Representing a Client Within the Bounds of the Law, in that he did conceal from his client certain known facts and did in fact make a false statement to his client, to wit: 'that suit has been filed.' The Court does not find that Disciplinary Rule 9-102 — Preserving Identity of Funds and Property of a Client, has been violated in that the Court has no finding of fact that the Respondent ever received any funds from the client.

"In summary, the Court is of the conclusion that the Respondent has violated certain of the Disciplinary Rules but that the Respondent did take appropriate steps to place his client in a whole position and that the Respondent certainly should be subject to such disciplinary actions as the Court of Appeals deems just and proper."

Heinze has taken no exception to the trial judge's findings of fact and conclusions of law. Bar Counsel is perturbed, with justification, by Heinze's representation to the forwarding attorney that Heinze had filed suit when in fact he had not. Bar Counsel thus urges us to find a violation of Disciplinary Rule 1-102 (A) (4), which provides that a lawyer shall not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Heinze's statement certainly constitutes a misrepresentation.

Heinze's conduct, however, is not as grievous as that before the Court in *Attorney Griev. Comm'n v. Finnesey,* 283 Md. 541, 391 A.2d 434 (1978), where we suspended an attorney for thirty days. According to the trial judge's findings of fact there, Finnesey "represented to the client that at least three (3) different dates had been set for a hearing on the required petition [under the Unsatisfied Claim and Judgment Fund Act to file suit relative to a 'phantom vehicle'] but that the matter was postponed by the Court on each occasion. . . . It [was] conceded that [Finnesey] had never filed the said Petition and that no hearings were ever scheduled, although he had so advised the client." 283 Md. at 543-44. Heinze's conduct likewise fails to rise to the

level of the misrepresentations before the Court in *Attorney Griev. Comm'n v. Bailey,* 286 Md. 630, 408 A.2d 1330 (1979), or *Attorney Griev. Comm'n v. Levitt,* 286 Md. 231, 406 A.2d 1296 (1979).

Given the fact that Heinze has undertaken to secure payment to his client of the sum of $18,000, which the trial judge was not even sure was due, and given the other facts of this case, we conclude that the proper sanction to be imposed here is that of a public reprimand.

We desire that Heinze understand that this reprimand means, of course, that it will forever be recorded among the reported opinions of this Court that Heinze said he had filed suit when in fact he had not. We point out that should Heinze be involved in any future disciplinary actions this case will be taken into consideration. *See, e.g., Maryland St. Bar Ass'n v. Phoebus,* 276 Md. 353, 347 A.2d 556 (1975), where the Court disbarred an attorney who had failed to comprehend from earlier disciplinary proceedings the type of conduct that the Court would not tolerate.

> *It is so ordered; respondent shall pay all costs as taxed by the Clerk of this Court, including the costs of transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against F. George Heinze, III.*